# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE JARROW** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-473** |
| **N. BURL CAIN** | **SECTION: "S" (3)** |

# O R D E R

The Court, having considered the petition, the record, the applicable law and the Report and Recommendation of the United States Magistrate Judge, and the petitioner's objections to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion.

Petitioner argues that the United States Magistrate Judge should have found that, pursuant to 28 U.S.C. § 2244(d)(1)(B), his statute of limitations for filing a federal habeas corpus petition began to run on March 31, 2009, when he obtained a copy of Berger v. New Orleans Police Dept., 666 So.2d 709 (La. Ct. App. 1995). Petitioner argues that the Berger case revealed evidence of Officer Byron Winbush's prior bad actions[1], and that the state should have disclosed it under Brady v. Maryland, 83 S.Ct. 1194 (1963), because he requested all such evidence. Thus, petitioner argues that the state-created impediment to his filing a federal habeas corpus petition was removed when he obtained a copy of Berger on March 31, 2009.

---

[1] Petitioner claims that in 2008 he learned that inmates at the Louisiana State Penitentiary at Angola, Louisiana maintained a "bad apple" list that contained information on state witnesses who had acted unethically or illegally in the past. The file contained information regarding Winbush, who testified against petitioner. After seeing the information about Winbush in the file, petitioner obtained a copy of Berger, which upheld Winbush's civil service suspension for untruthfulness and verbal intimidation in connection with a 1992 traffic accident and arrest.

Pursuant to 28 U.S.C. § 2244(d)(1)(B), the one-year statute of limitations for filing a federal habeas corpus case under 28 U.S.C. § 2254 begins to run at the latest of various events including "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." To invoke § 2244(d)(1)(B), a petitioner must show that: "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003).

Petitioner has not established that State action prevented him from filing a federal habeas corpus petition. Petitioner argues that the allegedly withheld Brady material was a published opinion of the Louisiana Court of Appeal, Fourth Circuit that was issued in 1995, three years prior to his trial. The Berger opinion was publically available to petitioner and his attorneys prior to his trial, and it could have been obtained long before 2009 with due diligence. Therefore, petitioner cannot invoke § 2244(d)(1)(B).

**IT IS ORDERED** that the federal petition of Eugene Jarrow for *habeas corpus* relief is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 18th day of October, 2012.

**UNITED STATES DISTRICT JUDGE**